# Exhibit 7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EMILEY SCHOONOVER, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

IOVATE HEALTH SCIENCES U.S.A. INC., a Delaware corporation,

Defendant

Case No. 2:20-cv-01487-FLA-AGR

Hon. Fernando L. Aenlle-Rocha

# SUPPLEMENTAL DECLARATION OF EXPERT GLENN MAY

## I.      INTRODUCTION

1.      I have been asked by McGuire Law, P.C., to evaluate the estimated amount of measured slack-fill for Iovate's "32 fl.oz." canister filled with 281 grams of SixStar Pre-Workout Explosion Fruit Punch Product.

2.      I submit this Declaration to provide relevant background information, in addition to my prior Declaration that included my expert opinion regarding the products at issue.  If called as a witness to testify at a hearing, I expect to testify on the following topics and provide opinions and testimony on what is summarized in this declaration.

3.      I am being compensated for my time spent on this matter at my usual and customary rate of $350 per hour, plus reasonable expenses.  My compensation is not related to the outcome of this action, and I have no financial interest in this case or any of the parties.

4.      I have previously served as an expert in packaging disputes and have testified as an expert witness by deposition in three cases.

## II.     QUALIFICATIONS

5.      See my prior Declaration related to this case.

## III.    SUMMARY OF OBSERVATIONS AND CONCLUSIONS

6.      From my analysis to date, including analysis of the complaint and products involved, I have made the following observations and opinions:

a.      Defendant packages its Six Star Pro Nutrition Pre-Workout Explosion Products in sealed non-transparent, or opaque, containers that do not allow consumers to view the contents inside. Therefore, the packaging "does not allow the consumer to fully view its contents." 21 C.F.R. § 100.100(a):

b.      Six Star has marketed its 9.92 oz. (281 g) Pre-Workout Explosion products in a container sometimes referred to as a "32 ounce" container, referring to the roughly 32 fluid ounces capacity of the canister used for this product.  The package stands at approximately 5.18 inches (131.58 mm) tall, including assembled container and closure, with a diameter of approximately 4 inches (101.38 mm).

c.      I was not able to obtain a retail package of Defendant's 9.92 oz. (281 g) Pre-Workout Explosion product in a 32 ounce container to measure the fill level of the consumable "pre-workout" dietary supplement powder product contained in this canister.

1

d.      However, in preparation of my expert report, I previously obtained two retail packages of Defendant's Six Star Pre-Workout Explosion Fruit Punch product (UPC 3165670711) in a 20 ounce container.

e.      Using the powdered product from Defendant's 20 ounce Six Star Pre-Workout Explosion product, I was able to measure 281 grams of the "pre-workout" dietary supplement powder product and add it to an empty Six Star 32 ounce container to measure the estimated fill level of the consumable "pre-workout" dietary supplement powder in the container. Measuring from the base of the container up to the seal surface of its lid, approximately 62% of the container is comprised of empty space, or slack-fill.

f.      It is my understanding based on information provided by counsel for the Plaintiff, that Defendant's 32 ounce Six Star Pre-Workout Explosion products contained up to two desiccant pouches. Accordingly, I also measured the impact of adding two desiccant pouches to the 32 ounce canister with 281 grams of product. This was measured in two ways: a.) by adding two desiccant pouches and a scoop on top of the powder product, which results in approximately 48% slack-fill, and b.) by adding two desiccant pouches and a scoop by burying them within the powder product, which results in 56% slack-fill.

## IV.    CONCLUSION

7.      Defendant's 32 ounce Six Star Pre-Workout Explosion products were sold with as much as 9.92 oz. (281 g) of "pre-workout" dietary supplement powder. These products had approximately 62% slack-fill when measuring the amount of powdered product in the container.

My analysis is ongoing.  I reserve the right to supplement my report in view of additional documents or testimony, including any additional testimony from Defendant.

Executed this 23rd day of December, 2021.

Respectfully submitted,

Glenn May

3