Eugene Y. Turin (SBN 342413)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002, ex. 3
eturin@mcgpc.com

*Counsel for Plaintiff and Class Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILEY SCHOONOVER, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IOVATE HEALTH SCIENCES U.S.A. INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-01487-FLA-AGRx<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: December 15, 2023<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 6B<br>Honorable Fernando L. Aenlle-Rocha<br><br>Complaint Filed: February 13, 2020<br>Trial Date: |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 1:30 p.m., or as soon as this matter may be heard in the above-entitled court, before the Honorable Fernando L. Aenlle-Rocha, United States District Judge of the Central District of California in Courtroom 6B of the First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Plaintiff Emiley Schoonover will, and hereby does, move for an order approving her proposed form and method of class notice and directing that the class notice plan to be carried out:

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Jacob Kamenir, and all exhibits thereto, and all relevant pleadings, evidence, and arguments offered in support of the Motion.

Pursuant to Civil Local Rule 7-3, this motion was filed following numerous meet-and-confer sessions with Defendant and after extensive review and revisions of Plaintiff's proposed notice plan with revisions provided to Plaintiff's counsel on September 27, 2023, October 11, 2023, and October 24, 2023, on November 9, 2023 counsel for Defendant stated that "the substance of the notice plan is largely acceptable" but that Defendant nonetheless plans to oppose the motion on other grounds that it had previously raised in the Parties' Joint Status Report. (Dkt. 113.)

DATED: November 9, 2023              Respectfully submitted,

                                     EMILEY SCHOONOVER, individually and
                                     on behalf of similarly situated individuals

                                     By: /s/ *Eugene Y. Turin*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eugene Y. Turin (SBN 342413)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
eturin@mcgpc.com

*Counsel for Plaintiff and Class Counsel*

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

On August 22, 2024, the Court granted Plaintiff's Motion for Class Certification (Dkt. 111), and certified the following Class under Fed. R. Civ. P. 23(b):

> **All persons who, on or after February 13, 2017, purchased in-store in the state of California for household use and not for resale or distribution, Defendants Six Star Pre-Workout Explosion and/or Defendant's Six Star Pre-Workout Explosion Ripped products in a 32-ounce container.**

(Dkt. 111.) Plaintiff now respectfully requests that the Court, pursuant to Fed. R. Civ. P. 23, approve the class notice plan proposed herein so that certified Class Members may be notified of their rights in advance of any further proceedings that may affect their rights. As set forth below, the proposed class notice plan satisfies the requirements of Rule 23 and due process and will provide publication notice to Class Members throughout California using a combination of extensive banner advertisements placed on a wide variety of websites that reach 90% of the population that is online as well as targeted social media advertisements directed towards consumers who are most likely to have purchased the products at issue.

In addition to publication notice, Plaintiff's proposed class notice plan also provides for the creation and maintenance of a website dedicated to this litigation, www.32ozsixstarpreworkoutlitigation.com (the "Case Website"), which will display the Long Form Notice and other pertinent case documents and will provide instructions for certified Class Members who wish to opt-out of the certified Class. To facilitate the class notice plan, Plaintiff has engaged an experienced and reputable class action administrator, Simpluris, Inc. ("Simpluris"), which has been

approved many times by courts within the Ninth Circuit as a reliable administrator of class notice.[1]

## II.   LEGAL STANDARD

"Where a class is certified under Rule 23(b)(3) . . . . The district court must 'direct to class members the best notice that is practicable under the circumstances'" and "meet the requirements of Rule 23(c)(2)(B) . . . [and] both the content of the notice and the form of the must be adequate and approved by the Court." *Alfred v. Pepperidge Farm, Inc.*, No. 14-cv-07086, 2017 WL 5665019, at *1 (C.D. Cal. July 13, 2017). The purpose of such notice is "to fulfill requirements of due process to which the class action procedure is of course subject." *Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 107 (1966). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974). A reasonable notice effort, one that satisfies both Rule 23 and constitutional due process requirements, should ideally reach at least seventy percent of the class. Fed. Jud. Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 1, 3 (2010). "The Federal Rules now recognize that litigants may provide proper notice through 'electronic means[.]'" *Brown v. DIRECTV, LLC*, No. 13-cv-1170, 2020 WL 4810994, at *1 (C.D. Cal. July 23, 2020) (quoting Fed. R. Civ. P. 23(c)(2)(B)).

---

[1] *See, e.g., In re: Premera Blue Cross Customer Data Security Breach*, Case No. 15-md-2633 (D. Or.); *Hale v. Manna Pro Products LLC*, Case No. 18-cv-00209 (E.D. Cal.); *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego); *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda); *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles).

## I. ARGUMENT

### A. Publication Notice To The Certified Class Members Is The Best Notice Possible And Is Warranted Here.

The cornerstone of the class notice plan is an extensive publication notice program that will reach over 70% of the certified Class Members – the benchmark for effective notice – and inform them of their status as class members and direct them to the class website where they will be presented with the Long Form Notice. Given that the class consists solely of individuals who made purchases in retail stores, and that the products at issue were sold at a number of different retailers, there is no comprehensive list of potential class members. As numerous other courts have found in similar cases publication notice is the "best notice that is practicable under the circumstances." *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) ("Because defendants do not have a list of potential class members . . . the court agrees with plaintiffs that notice by publication is the only reasonable method of informing class members of the pending class action"); *In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 449 (C.D. Cal. 2014) ("When the court certifies a nationwide class of persons whose addresses are unknown, notice by publication is reasonable") (collecting authorities). Here, as set out in the declaration submitted on behalf of the proposed class administrator, the publication notice would run for a 30-day period and consist of banner ads that would be targeted specifically to adult individuals residing in California and who would be most likely to have been purchasers of pre-workout supplements. (Declaration of Jacob Kamenir, attached hereto, at ¶ 13.)[2] The form and nature of the banner ads,

---

[2] Simpluris would require 14 days from the date this motion is granted to effectuate the notice plan, including launching the case website and publication notice.

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO APPROVE CLASS NOTICE

3

as shown in Exhibit A to the Kamenir Declaration, would inform class members of the existence of this litigation, and direct them to the case website. Critically, the banner ads will be placed on some of the largest advertising networks in the country that cover 90% of the United States' population that is online. (Kamenir Decl. at ¶ 13.) Furthermore, the notice plan will also include targeted social media advertising that will appear on Facebook and Instagram. (*Id.* at ¶ 14.) Critically, altogether the class notice plan will produce over five million impressions and result in at least 70% of the class seeing a notice ad two times during the 30-day notice period. (*Id.* at ¶ 18.) The 70% mark is the standard benchmark for gauging the effectiveness of class notice. *Free Range Content, Inc. v. Google, LLC*, No. 14-cv-02329, 2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) **("**[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23") (quoting *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-04766, 2017 WL 3623734, at *4 (N.D. Cal. June 26, 2017)); *see also* Fed. Jud. Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 1, 3 (2010). Thus, the proposed class notice publication plan easily exceeds the standard for adequate notice and satisfies due process and Plaintiff proposes that this publication notice be commenced as soon as is practicable.

### B.     The Creation of a Case Website Should Also Be Approved.

In addition to the publication notice outlined above, Plaintiff also proposes supplemental notice in the form of the creation of the dedicated case website, which will display the Long Form Notice and all relevant case documents, important dates, pertinent updates concerning the case, and will include instructions for Class members who seek to submit a request for exclusion via email. (Long Form Notice, attached as Exhibit B to the Kamenir Declaration.) The case documents that the case website will display include the operative Complaint (Dkt. 1), the Court's Order denying Defendant's Motion to Dismiss (Dkt. 25), the

Court's Order granting Plaintiff's Motion for Class Certification (Dkt. 111), any written order granting the instant Motion and directing notice to proceed, and any subsequent orders of consequence or documents as directed by the Court. At Class Counsel's request, Simpluris shall secure the domain name for the case website: www.32ozsixstarpreworkoutlitigation.com. All of the publication notice banner advertisements and social media advertisements will direct Class members to the case website, which will be created and maintained by Simpluris. (*Id.* at ¶¶ 13, 15, 19.) The case website will also inform Class members of how they can exclude themselves from the case and provide the ability to do so directly on the website, as well as providing a mailing address for sending an exclusion request. (Long Form Notice, Ex. B, at § 15.)

### C. The Long Form Notice, The Form And Content Of Which Has Been Agreed To By The Parties, Satisfies Due Process And Should Be Approved.

To satisfy Rule 23(c)(2)(B), class notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 Newberg on Class Actions, §11:53, 167 (4th ed. 2002).

Here, the Long Form Notice is based upon the question-and-answer format suggested by the Federal Judicial Center and complies with Rule 23(c)(2)(B) and due process. (*See* Ex. B.) The Long Form Notice uses easy-to-understand language to provide certified Class Members with pertinent information about the lawsuit. The first page of the Long Form Notice provides a basic description of the nature of the action, outlines the general courses of action/inaction certified Class Members can take, and highlights the exclusion deadline to the certified Class Members. (Ex. B, at 1.) The litigation is further explained in the Answers to Questions 1–3, which describe why individuals are being notified, what a class action is, what parties are involved here, and why this case is a class action. (Ex. B, at 2.) The Answers to Questions 4–7 provide information about the claims at issue and Defendant's response to those claims and inform certified Class Members that the Court has not yet decided who is right and there is no money available. (*Id.*) The Answers to Questions 8–10 provide a description of the certified Class and explain how to determine if a person is a member, and, if potential Class members are still unsure as to whether they are included, how to contact Class Counsel to resolve further questions. (Ex. B, at 3.) The Answers to Questions 11–16 provide an explanation of the rights of certified Class Members should they elect to remain Class Members as well as their options to remain or be excluded from the class. (Ex. B, at 3–4.) The Answers to Questions 17–19 explain that each certified Class Member is represented by Class Counsel at no cost should they choose to remain in the action, but that they also may enter an appearance through their own counsel and at their own expense if they so desire. (Ex. B, at 4.)

In sum, the format and language of the Long Form Notice, which has been approved by Defendant, has been drafted so that it is conveyed in plain language and will be easy to read and readily understood by certified Class Members. As

such, Plaintiff's proposed Notice Plan satisfies the requirements of Rule 23 and due process and should be approved by the Court.

WHEREFORE, Plaintiff Emiley Schoonover respectfully requests that this Court enter an Order: (i) granting this Motion for Approval of Class Notice Plan; (ii) directing Plaintiff to issue notice to the Class as proposed herein; and (iii) for any such further relief as the Court may deem appropriate and just.

.

DATED: November 9, 2023                Respectfully submitted,

                                                         EMILEY SCHOONOVER, individually and on behalf of similarly situated individuals

                                                         By: /s/ *Eugene Y. Turin*

                                                         Eugene Y. Turin (SBN 342413)
                                                         McGuire Law, P.C.
                                                         55 W. Wacker Dr., 9th Fl.
                                                         Chicago, IL 60601
                                                         eturin@mcgpc.com

                                                         *Counsel for Plaintiff and Class Counsel*

## CERTIFICATE OF SERVICE

I, Eugene Y. Turin, an attorney, certify that on November 9, 2023, I filed the foregoing *Plaintiff's Notice of Motion and Motion for Approval of Class Notice Plan; Memorandum of Points and Authorities In Support Thereof* and supporting papers via the Court's CM/ECF electronic filing system. A copy of said documents will be electronically transmitted to all counsel of record.

/s/ *Eugene Y. Turin*